IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO MORENO,

    Plaintiff,

  v.                                                                                       No. 16-CV-01064-JCH-LF

CORIZON MEDICAL PROVIDER, FNU
WALDEN, TIMOTHY HATCH,

    Defendants.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Francisco Moreno's Motion For Appointment of Counsel [Doc. 3] and Amended Complaint [Doc. 11]. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, the Court will deny Plaintiff's Motion For Appointment of Counsel and require Plaintiff to file a written response showing cause, if any exists, why his Amended Complaint should not be dismissed as barred by the statute of limitations.

I.    <u>Plaintiff's Motion To Appoint Counsel Will Be Denied</u>

"There is no constitutional right to appointed counsel in a civil case. . . . However, the court may request an attorney represent any person unable to afford counsel." *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (internal quotation marks and citations omitted) (unpublished); *see* 28 U.S.C. § 1915(e)(1). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). "In determining whether to appoint counsel, the district court should consider a variety of factors,

including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In support of his motion for appointment of counsel, Plaintiff states that he "is without the funds or assets with which to retain counsel in the matter." [Doc. 3] Financial hardship, while necessary for the appointment of counsel under 28 U.S.C. § 1915(e)(1), is insufficient on its own to merit the appointment of counsel. Plaintiff's Amended Complaint does not present novel or complex legal claims and it demonstrates Plaintiffs ability to present his legal claims, and the facts underlying those claims, adequately before the Court. [*See* Doc. 11] Lastly, as explained below, Plaintiff's claims under 42 U.S.C. § 1983 appear to be barred by the applicable statute of limitations and, therefore, the merits of Plaintiff's claims do not weigh in favor of the appointment of counsel at this time. For the foregoing reasons, Plaintiff's Motion For Appointment of Counsel will be denied without prejudice.

II.     Screening of Plaintiff's Amended Complaint

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a

complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff's Amended Complaint superseded his original complaint and, therefore, it is the operative pleading for the purpose of this Court's review under §§ 1915(e)(2) and 1915A. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (noting that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotation marks and citation omitted). In his Amended Complaint, Plaintiff alleges that he was sexually assaulted by Defendant Walden, a physician at Northeast New Mexico Detention Facility, on June 6, 2012. Plaintiff further alleges that Defendants Corizon Medical Provider and Timothy Hatch "knew this Doctor had violations reported at other prison and did not act on them" or "investigate." [Doc. 11 at 4] Plaintiff's Amended Complaint seeks

monetary damages and the imposition of criminal charges against Defendant Walden. [Doc. 11 at 5]

Plaintiff's Amended Complaint alleges, in relevant part, that Defendants' conduct violated the Prison Rape Elimination Act (PREA) of 2003, 42 U.S.C. § 15601, *et seq.* However, the PREA "does not establish a private cause of action for allegations of prison rape." *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. April 15, 2015) (affirming the dismissal of the plaintiff's PREA claim as frivolous under 28 U.S.C. § 1915) (unpublished per curiam opinion). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue," but "does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-CV-229, 2008 WL 3851294, *3 (D. Vt. Aug. 12, 2008) (unpublished). "In the absence of 'an "unambiguous" intent to confer individual rights,' such as a right to sue, courts will not imply such a right in a federal funding provision." *Id.* (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279-80 (2002)). Therefore, Plaintiff's PREA claims will be dismissed as frivolous under §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

Plaintiff's Amended Complaint also alleges that Defendants' conduct violated the New Mexico Department of Corrections' (NMDOC) policies prohibiting sexual misconduct and requiring a "safe and secure environment for both staff and inmates." [Doc. 11 at 3] Although 42 U.S.C. "§ 1983 affords a remedy for violations of federal law," it "does not provide a basis for redressing violations of state law." *D.L. v. Unified School Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010). A failure to follow administrative regulations, standing alone, does not amount to a violation of § 1983. *See Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [the plaintiff] seeks relief for the alleged violations of state statutes and prison regulations . . . he has stated no cognizable claim under § 1983."). Therefore, the Court concludes that

Plaintiff's Amended Complaint fails to state a cognizable claim for relief under § 1983 for the alleged violation of NMDOC policies.

Nonetheless, the Court recognizes that an "inmate has a constitutional right to be secure in [his] bodily integrity" and a sexual assault by a prison official is "sufficiently serious to constitute a violation under the Eighth Amendment." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (internal quotation marks and citation omitted). Section 1983 "provides a cause of action against state officials who violate constitutional or other federally protected rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). "For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). "[T]he pertinent limitations period for section 1983 claims in New Mexico is that found in N.M. Stat. Ann. § 37-1-8 (1978), which provides that actions for an injury to the person must be brought within three years." *Jackson v. City of Bloomfield*, 731 F.2d 652, 653 (10th Cir. 1984). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). In the present case, Plaintiff's § 1983 claims accrued on the date of the alleged sexual assault: June 6, 2012. *See Keith v. Koerner*, 843 F.3d 833, 851 (10th Cir. 2016) (holding that the plaintiff's § 1983 claim accrued on the date of the sexual assault). Because Plaintiff's § 1983 action was filed more than three years after Plaintiff's claims accrued, it appears to be barred by the statute of limitations.

State law governs tolling of the three-year statute of limitations. *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (noting that "in a § 1983 suit, state tolling rules, not federal ones, apply"). "New Mexico has both statutory and equitable tolling provisions." *Id.*

"Equitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Id.* (quoting *Ocana v. American Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004)). "Such 'extraordinary events' include conduct by a defendant that caused the plaintiff to refrain from filing an action during the applicable period." *Id.* Statutory tolling applies in cases where a plaintiff attempts to exhaust mandatory administrative remedies. *See id.* at 1242-43; *see also* N.M. Stat. Ann. § 37-1-12 (1978). The Court will afford Plaintiff an opportunity to explain, within thirty (30) days of the date of this order, why the three-year statute of limitations should be tolled under the doctrines of equitable tolling and/or statutory tolling. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) ("When a district court believes it is likely that a pro se prisoner's § 1983 complaint is dismissable on the basis of the state's statute of limitations, the court may issue a show cause order giving the plaintiff an opportunity to explain why the statute of limitations should be tolled."). Failure to file a timely written response within thirty (30) days of the date of this order may result in the dismissal of Plaintiff's Amended Complaint without further notice.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Appointment of Counsel [Doc. 3] is DENIED without prejudice;

IT IS FURTHER ORDERED that Plaintiff's PREA claims are DISMISSED as frivolous under §§ 1915(e)(2)(B)(i) and 1915A(b)(1);

IT IS FURTHER ORDERED that, within thirty (30) days of the date of this order, Plaintiff shall file a written response explaining why his Amended Complaint should not be dismissed as barred by the three-year statute of limitations.

UNITED STATES DISTRICT JUDGE